IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA MISTRETTA and SALVATORE MISTRETTA, : : : **Plaintiffs,** : : v. : : JETBLUE AIRWAYS CORPORATION, : : **Defendant.** : | CIVIL ACTION NO: |

NOTICE OF REMOVAL OF DEFENDANT,
JETBLUE AIRWAYS CORPORATION

Defendant, JetBlue Airways Corporation (hereinafter "Removing Defendant"), by and through its attorneys, Morgan, Akins & Jackson, PLLC, via this Notice of Removal (hereinafter "Notice") hereby removes the above-captioned action from the Supreme Court of the State of New York, County of Queens, Index No.: 713746/2024, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1331 and in support thereof states as follows:

1. Plaintiffs, Maria Mistretta and Salvatore Mistretta (hereinafter, when used to denote Maria Mistretta, "Plaintiff," when used to denote Salvatore Mistretta, "Salvatore," and, when used to denote both Maria and Salvatore Mistretta collectively, "Plaintiffs") commenced the above-referenced action by the filing of a Complaint on July 1, 2024, in the Supreme Court of the State of New York, County of Queens. (A true and correct copy of Plaintiffs' filed Complaint is attached hereto as **Exhibit "A."**)

1

2. In their Complaint, Plaintiffs aver that, on July 23, 2022, at approximately 8:15 a.m., while aboard Removing Defendant's flight from the United States to the Bahamas, Plaintiff's "foot became entangled in a handing seatbelt," which caused injury (hereinafter, "Incident"). **Ex. "A,"** ¶¶ 11, 14.

3. In their Complaint, Plaintiffs name only Removing Defendant as a defendant in the instant matter. *See*, generally, **Ex. "A."**

4. Plaintiffs served the Complaint upon Removing Defendant on July 3, 2024. *See* **Ex. "A,"** pg. 1

### Notice Timely Filed

5. This Notice is timely because it is filed within thirty (30) days of Removing Defendant's receipt of a "pleading, motion, order or other paper from which it may first be ascertained" that the action is removable. 28 U.S.C §1446(b).

6. Furthermore, this Notice is timely because it is filed within one (1) year of the inception of the matter. 28 U.S.C §1446(c)(1).

7. As set forth more fully below, pursuant to 28 U.S.C §1446(b), the parties' deadline for removal is August 2, 2024, making this Notice timely filed.

### Federal Question

*Plaintiffs Make Federal Claims on Face of Complaint*

8. Removing Defendant removes the instant matter based upon 28 U.S.C. § 1331.

9. "Under 28 U.S.C. § 1331, a district court has 'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States'." *People v. Sirius XM Radio Inc.*, No. 24-cv-413 (JSR), 2024 U.S. Dist. LEXIS 93233, at *3-4 (S.D.N.Y. May 23, 2024)

10. "[A] suit 'arises under' federal law for 28 U.S.C. § 1331 purposes 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Smulley v. Safeco Ins. Co.*, No. 21-2124-cv, 2022 U.S. App. LEXIS 30906, at *4 (2d. Cir. Nov. 8, 2022), (*citing Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009)).

11. "Under the well-pleaded complaint rule, 'federal-question jurisdiction generally exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint'." *Powell v. Maldonado*, No. 23-CV-826 (RPK), 2024 U.S. Dist. LEXIS 21860, at *7 (E.D.N.Y. Feb. 7, 2024) (*citing State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 132 (2d. Cir. 2023) (*quoting Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

12. In their Complaint, Plaintiffs aver that their "causes of action may be subject to and arise under the terms of a U.S. Treaty [sic], commonly known as the Montreal Convention . . . ." **Ex. "A,"** ¶ 4.

13. In their Complaint, Plaintiffs aver that their "causes of action may be subject to and arise under the terms of a U.S. treaty . . . commonly known as the Warsaw Convention . . . ." **Ex. "A,"** ¶ 7.

14. In their Complaint, Plaintiffs aver that "[b]oth the United States and Bahamas are [parties] to the Warsaw Convention." **Ex. "A,"** ¶ 8.

15. In their Complaint, Plaintiffs base their venue argument on the fact that it is "proper under both the Montreal and Warsaw Conventions." **Ex. "A,"** ¶ 9.

16. In addition, as enumerated below, Plaintiffs aver that each of their separate causes of action are based, in whole or in part, on the Montreal Convention and/or Warsaw Convention.

17. In summary, and plainly, the causes of action within Plaintiffs' Complaint are both based upon, and rife with direct references to, the Montreal Convention and Warsaw Convention.

3

*Applicability of the Montreal and/or Warsaw Conventions*

18. The plain language of both the Montreal and Warsaw Conventions includes within its scope a round-trip ticket from the United States, with an agreed stopping within another state, even if that other state is not a ratifier to the respective convention. *Byrd v. Comair Inc. (In re Air Crash at Lexington, Ky.)*, 501 F. Supp. 2d 902, 908 (E.D. Ky. 2007).

19. A one-way trip ticket to the Bahamas "would only be governed by the Warsaw Convention while a round-trip ticket would be governed by the superseding Montreal Convention." *Knowlton v. Am. Airlines, Inc.*, No. RDB-06-854, 2007 U.S. Dist. LEXIS 6882 at *4 n.1 (D. MD. 2007).

20. Based on the scope of application language of the Montreal Convention, Plaintiffs' round-trip ticket from the United States to the Bahamas would be governed by the Montreal Convention, as it is a round-trip ticket from, and ultimately to, a Montreal Convention-ratifying country (United States) with a stop in a non-Montreal Convention-ratifying country (Bahamas).

21. Alternatively, assuming *arguendo*, that the Montreal Convention does not apply to roundtrip international flights where the departing and arriving country is a Montreal Convention-ratifying country with a stop in a non-Montreal Convention-ratifying country, then the Warsaw Convention "applies in its stead." *Maranga v. Abdulmutallab*, No. 11- Civ-09397, 2013 U.S. Dist. LEXIS 79113 at *5 (S.D.N.Y. June 3, 2013) (while *Maranga* involved an international flight that originated in and ultimately arrived at a non-Montreal Convention-ratifying country (Ghana) as opposed to originating in and arriving in a Montreal Convention-ratifying country like the United States in the instant matter, if this Honorable Court were to hold that the Montreal Convention does not apply to the instant matter, then at the very least, the Warsaw Convention would apply in its stead).

22. As such, as alleged by Plaintiffs themselves repeatedly on the face of their Complaint, the Montreal Convention and/or Warsaw Conventions apply, making removal pursuant to 28 U.S.C. § 1331 proper without any further analysis.

*Plaintiffs Purported State Law Claims Fail the Grable Doctrine*

23. Plaintiffs' Complaint likewise contains claims purporting to arise from state law, which are, in fact, federal law claims.

24. Removing Defendant submits that Plaintiffs, in their Complaint, improperly attempt to advance federal claims – arising from the Montreal and/or Warsaw Convention – under the guise of state law claims, solely in order to litigate their case in state court.

25. State law claims "may be removed to federal court. . .as an action arising under the Constitution, laws, or treaties of the United States, [pursuant to 28 U.S.C. § 1331, where those claims] implicate significant federal issues.'" *Sortisio v. Accetta*, No. 09CV176A, 2009 U.S. Dist. LEXIS 113740 at *5 (W.D.N.Y. June 22, 2009) (*citing Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005)).

26. Pursuant to the *Grable* doctrine, "federal question jurisdiction exists for state law claims in which a federal issue is '(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress'." *Tantaros v. Fox News Network LLC*, 12 F.4th 135, 140-141 (2d. Cir. 2021).

27. Furthermore, a state law claim "arises under federal law [when] the federal law creates the cause of action or a substantial question of federal law [which] is a necessary element of a state cause of action." *Banco de Ponce v. Hinsdale Supermarket Corp.*, 663 F. Supp. 813, 817 (E.D.N.Y. 1987) (*citing Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804 (1986).

28. In their first cause of action, Plaintiffs claim that Removing Defendant "agrees it shall be liable under . . . the Montreal Convention or Warsaw Convention, whichever may apply" in instances such as the Incident, and request "Special Drawing Rights" as relief, which is defined by the Montreal Convention. **Ex. "A,"** ¶ 27.

29. Also in their first cause of action, Plaintiffs aver that the Incident caused injury "within the meaning and intent of . . . both the Montreal and Warsaw Conventions." **Ex. "A,"** ¶ 28.

30. In their second cause of action, Plaintiffs aver that the Incident "constitutes an 'accident' within the meaning and intent of . . . both the Montreal and Warsaw Conventions." **Ex. "A,"** ¶ 34.

31. In their second cause of action, Plaintiffs painstakingly define Removing Defendant's purported liability under the Montreal and Warsaw Conventions, as well as the relief available to Plaintiffs under same, over the course of seven (7) enumerated Paragraphs. *See* **Ex. "A,"** ¶¶ 34-40.

32. In their second cause of action, Plaintiffs aver that, under the Montreal and/or Warsaw Conventions, Removing Defendant is "strictly liable" to Plaintiffs for a specific amount of "Special Drawing Rights," a remedy available under the Montreal Convention. **Ex. "A,"** ¶ 46.

33. In their third cause of action, Plaintiffs, again, over the course of five (5) enumerated Paragraphs, cite specific Montreal Convention Articles, apply them to the facts of the Incident's occurrence, and request a specific amount of "Special Drawing Rights." *See* **Ex. "A,"** ¶¶ 48-52, 55.

34. In their fourth cause of action, Plaintiffs aver that the Incident is "an accident within the meaning and intent of . . . the Montreal Convention and/or Warsaw Convention . . .." **Ex. "A,"** ¶ 59.

35. In their fourth cause of action, Plaintiffs aver that one (1) Article of the Montreal Convention is triggered by the happening of the Incident, and another Article of the Montreal Convention provides for the "strict[ ] liab[ility]" to Plaintiffs in a certain amount of "Special Drawing Rights." **Ex. "A,"** ¶ 60.

36. In their fifth and final cause of action, Plaintiffs aver that Removing Defendant negligently caused Plaintiff, Salvatore Mistretta to incur emotional distress, which is based upon the same Incident Plaintiffs previously averred was an "accident" pursuant to the Montreal Convention. *See* **Ex. "A,"** ¶¶ 34, 59, 73

37. In short, each and every one of Plaintiffs' causes of action, as set forth in the Complaint, are based solely upon the Incident, which Plaintiffs themselves aver arise under the Montreal and/or Warsaw Conventions. *See generally* Ex. "A."

38. Pursuant to the *Grable* doctrine, each of Plaintiffs' purported state law claims "implicate significant federal issues" and, ultimately, the four (4)-part *Grable* test unequivocally establishes that all of Plaintiffs' claims are based in federal law.

39. Removing Defendant submits that Plaintiffs' claims concern "federal issue[s]" which are "raised . . . disputed . . . substantial . . . [and] capable of resolution in federal court." *Tantaros*, 12 F.4th at 140-141.

40. As such, removal of the instant matter to the U.S. District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1331, is proper.

## Conclusion

41. The "face" of Plaintiffs' Complaint specifically mentions the Montreal Convention and/or Warsaw Convention (the total mentions of both conventions combined averages almost once per Complaint paragraph) as the bases for all of Plaintiffs' claims, which, resultantly, "arise under" federal law, and, even when alleged as state law counts, "implicate significant federal issues.

42. As such, this Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1331.

43. Additionally, this action is properly removed to this Court by the Removing Defendant pursuant to 28 U.S.C. § 1441(a), in that this case was initially brought in a state court within the geographical area of the U.S. District Court for the Eastern District of New York.

44. Removing Defendant will give written notice of the filing of this Notice pursuant to 28 U.S.C. § 1446(d), by filing this Notice with the Supreme Court of the State of New York, Queens County, and by giving written notice to Plaintiffs.

45. All pleadings, process, orders and other filings in the State Court action are attached to this Notice as required by 28 U.S.C. § 1441(a).

**WHEREFORE**, Defendant, JetBlue Airways Corporation, via this Notice of Removal, hereby removes the above-captioned action from the Supreme Court of the State of New York, County of Queens, Index No.: 713746/2024, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1331.

          Respectfully submitted,

          **MORGAN, AKINS & JACKSON, PLLC**

**BY:** _____
          Nathan Bohlander, Esq. (Atty ID: 5546130)
          18 East 41st Street
          6th Floor
          New York, NY 10017
          Phone: 212-779-2925
          Fax: 917-410-7789
          Email: nbohlander@morganakins.com
          *Attorneys for Defendant, JetBlue Airways Corporation*

Date: July 31, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA MISTRETTA and<br>SALVATORE MISTRETTA,<br><br>        Plaintiffs,<br><br>v.<br><br>JETBLUE AIRWAYS<br>CORPORATION,<br><br>        Defendant. | :<br>:<br>:   CIVIL ACTION<br>:<br>:<br>:   NO:<br>:<br>:<br>:<br>:<br>: |

**CERTIFICATE OF SERVICE**

    I hereby certify that on or about July 31, 2024, a copy of the foregoing Notice of Removal was provided electronically, as well as mailed first-class, postage prepaid, to counsel of record at the following address:

Kaitlyn Vidasolo, Esq.
Speiser Krause PC
800 Westchester Avenue
Suite S-608
Rye Brook, NY 10673
*Counsel for Plaintiffs, Maria Mistretta and Salvatore Mistretta*

                              **MORGAN, AKINS & JACKSON, PLLC**

**BY:** _____
Nathan Bohlander, Esq. (Atty ID: 5546130)
18 East 41st Street
6th Floor
New York, NY 10017
Phone: 212-779-2925
Fax: 917-410-7789
Email: nbohlander@morganakins.com
*Attorneys for Defendant, JetBlue Airways Corporation*

11