# EXHIBIT A

STATE OF NEW YORK
**DEPARTMENT OF STATE**
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001
WWW.DOS.NY.GOV

KATHY HOCHUL
GOVERNOR

WALTER T. MOSLEY
SECRETARY OF STATE

July 11, 2024

JETBLUE AIRWAYS CORPORATION
JAMIE WEISS
27-01 QUEENS PLAZA NORTH
LONG ISLAND CITY NY 11101, USA

| | |
|---|---|
| RE: Party Served: | JETBLUE AIRWAYS CORPORATION |
| Plaintiff/Petitioner: | MARIA MISTRETTA |
| Receipt Number: | 202407110361 |
| Date Served: | 07/03/2024 |
| Section of Law: | SECTION 306 OF THE BUSINESS CORPORATION LAW |

To whom it may concern:

Enclosed is a legal document that was served upon the Secretary of State as the designated agent of the above named party. The Department of State is required by law to forward this legal document to the address on file for such party. This office is not authorized to offer legal advice. If you have any questions concerning this document, please contact your attorney.

Recently enacted legislation permits process to be served electronically on the Secretary of State as agent of a domestic or authorized foreign corporation, limited liability company, limited partnership, limited liability partnership, general association or condominium board, provided such entity has provided the Department of State with an email address for electronic service of process notification.

If the above named party has not already done so, it may provide the Department of State with an email address to which the Department will email a notice of the fact that process against such party has been electronically served upon the Secretary of State. A copy of any process served electronically will be made available to the party served through the Department's Electronic Service of Process webpage. Entities may provide the Department with an email address through the amendment procedure permitted by the law for such entity.

Sincerely,

Department of State
Division of Corporations, State Records
and Uniform Commercial Code
(518) 473-2492



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
MARIA MISTRETTA and SALVATORE
MISTRETTA,

|  |  |
|---|---|
| Plaintiffs, | Index No.: |
|  | Date Filed: |
| -against- |  |
| JETBLUE AIRWAYS CORPORATION, | **SUMMONS** |
| Defendant. | Jury Trial Demanded |

------------------------------------------------------------------X

To the above named Defendant(s)

JetBlue Airways Corporation
27-01 Queens Plaza North
Long Island City, New York 11101

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is defendant's principal place of business which is 27-01 Queens Plaza North, Long Island City, New York 11101.

Dated: July 1, 2024

By: _____
Kaitlyn L. Vidasolo, Esq.

Case 1:24-cv-05351-AMD-JRC   Document 1-2   Filed 07/31/24   Page 4 of 24 PageID #: 176

SPEISER KRAUSE PC
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
Phone: (914) 220-5333
Facsimile: (914) 220-5334
klv@speiserkrause.com

*Attorney for Plaintiffs*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------X
MARIA MISTRETTA and SALVATORE
MISTRETTA,                                                         Index No.:

                                   Plaintiffs,                     Date Filed:

         -against-

JETBLUE AIRWAYS CORPORATION,                         **VERIFIED COMPLAINT**
                                                                   Jury Trial Demanded

                                   Defendant.
-------------------------------------------------------------X

     Plaintiffs, MARIA MISTRETTA and SALVATORE MISTRETTA (collectively referred to as "Plaintiffs"), complaining of the defendant, JETBLUE AIRWAYS CORPORATION (hereinafter "JETBLUE"), by and through their attorneys, SPEISER KRAUSE, P.C., respectfully allege that:

    1.    Plaintiffs MARIA MISTRETTA and SALVATORE MISTRETTA are resident citizens of the State of New York, County of Suffolk.

    2.    Defendant JETBLUE is a foreign corporation organized and existing under the laws of the State of Delaware and subject to personal jurisdiction in the State of New York, County of Queens, with its principal place of business located at 27-01 Queens Plaza North, Long Island City, New York 11101.

    3.    Defendant JETBLUE (also "the Carrier") is the holder of an Air Carrier Operating Certificate issued to it by the Federal Aviation Administration (FAA) for the purpose of carrying passengers and cargo in air transportation, including international transportation, which operates out of, among other places, New York's John F. Kennedy Airport ("JFK").

    4.    Plaintiffs' transportation and causes of action may be subject to and arise under the terms of a U.S. Treaty, commonly known as the Montreal Convention and formally titled

Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999

(entered into force on November 4, 2003), reprinted in S. Treaty Doc. No. 106-45, 1999 WL

33292734, in that plaintiffs sustained injury while passengers engaged in international

transportation within the meaning of Article 1(2).

5.      The United States, as the place in which the relevant round-trip contract of carriage

was made and in which the defendant is doing business, is and was, at all times relevant to this

Complaint, a High Contracting Party to the Montreal Convention. On or about May 28, 1999, the

Bahamas signed, but to date has not yet ratified, the Montreal Convention and as such, is not a

High Contracting Party.

6.      The regularly scheduled round trip flight conducted by defendant JETBLUE in

international air transportation originating in the United States, a state party to the Montreal

Convention, and final destination in the United States, with an agreed upon stopping place in the

Bahamas, a territory that is not a state party to the Convention.

7.      Alternatively, plaintiffs' transportation and causes of action may be subject to and

arise under the terms of a U.S. treaty in full force and effect, commonly known as the Warsaw

Convention and formally titled Convention for the Unification of Certain Rules Relating to

International Transportation by Air and signed in Warsaw, Poland on October 12, 1929, (49 US

Stat 3000, 3018, reprinted following 49 USCA § 40105). Article 1(2) of the Warsaw Convention

defines international carriage as any carriage in which according to the contract between the parties

(the passenger ticket), the place of departure and the place of destination are within the territories

of two High Contracting Parties.

8.      Both the United States and the Bahamas are High Contracting Parties to the Warsaw

Convention.

2

9.     Venue is proper under both the Montreal and Warsaw Conventions in that New York State, County of Queens is the principal place of business of defendant JETBLUE; and in that New York State, where the defendant is doing business, is the place in which the contract of carriage was made.

**FACTS**

10.     On or before July 23, 2022, Plaintiffs MARIA MISTRETTA AND SALVATORE MISTRETTA purchased tickets for international travel from defendant JETBLUE between JFK and Nassau, Bahamas ("Bahamas"), thereby creating a contract of carriage between plaintiffs and defendant JETBLUE.

11.     On or about July 23, 2022, defendant JETBLUE operated a commercial aircraft that was designated JETBLUE Flight 121, to fly non-stop from JFK to the Bahamas. Plaintiff MARIA MISTRETTA was involved in an accident onboard Flight 121 that was unusual, unexpected and external to plaintiff that resulted in bodily and mental injuries to plaintiffs MARIA MISTRETTA and SALVATORE MISTRETTA.

12.     Plaintiff MARIA MISTRETTA, a fare paying passenger on JETBLUE Flight 121, was seated in the second row of the plane, in seat 2D.

13.     Plaintiff SALVATORE MISTRETTA, a fare paying passenger on JETBLUE Flight 121, was seated next to his wife, in seat 2E.

14.     During the operation of Flight 121 on the morning of July 23, 2022, at approximately 8:15AM, plaintiff MARIA MISTRETTA got up from her seat and stepped into the aisle, and as she attempted to take her next step, her foot became entangled in a hanging seatbelt, or other object causing her to fall backwards. As she fell backwards, plaintiff's foot twisted and cracked, and plaintiff MARIA MISTRETTA landed on her back with her foot still tangled in the

3

low hanging object. After witnessing his wife's fall, plaintiff SALVATORE MISTRETTA worked to free her foot, while another passenger – a nurse who happened to be seated nearby – examined plaintiff to ascertain whether she had suffered a concussion. Then with the assistance of another passenger, plaintiff SALVATORE MISTRETTA was able to free his wife's foot and assist her off the floor and back to her seat.

15.     Plaintiffs asked members of the flight crew for a first aid kit and ice, but they were told by crewmembers that everything was packed up and inaccessible for the remainder of the flight. The flight crew further informed the plaintiffs that they would need to wait for all other passengers to disembark before they could get off the plane. Once the plaintiffs were finally allowed to exit the aircraft, the only wheelchair made available for plaintiff MARIA MISTRETTA was broken and lacked the proper support for her injured leg.

16.     After disembarking in Nassau, Bahamas, plaintiffs spoke with defendant JETBLUE personnel who recommended against calling for an ambulance to take plaintiffs to the nearby hospital and instead advised plaintiffs to return home to New York for medical evaluation of plaintiff MARIA MISTRETTA's injuries. This necessitated that plaintiffs book a return flight to New York and proceed through customs and security for their flight to JFK, then relocate for multiple gate changes without assistance, all in the same broken wheelchair that prohibited plaintiff MARIA MISTRETTA from properly elevating her leg.

17.     Plaintiffs MARIA and SALVATORE MISTRETTA again asked JETBLUE personnel for ice and a bandage at their departing gate, but defendant JETBLUE's personnel informed plaintiffs that the defendant's employees did not have access to any of these items and could not help the plaintiffs. After the long wait for their flight home, plaintiffs finally boarded the next available flight from the Bahamas to JFK. Plaintiffs were again denied assistance by

4

JETBLUE staff when they were told that to open the first aid kit onboard their return flight, an incident report would need to be filled out and since their accident did not occur on the current flight, a report would not be filled out to provide access to the first aid kit on board.

18.     Upon plaintiffs' late arrival in New York on July 23, 2022, they immediately went to the emergency room where it was determined that plaintiff MARIA MISTRETTA had suffered serious bodily injuries including a right ankle fracture, deep vein thrombosis to the right leg and the aggravation of a previous back injury.

19.     As a result of the acts and/or omissions of JETBLUE and its agents, servants and/or employees, plaintiff MARIA MISTRETTA was caused to fall and break her ankle and was not provided adequate attention or assistance, causing her to sustain serious injuries to her right ankle, her right leg, back and other parts of the body as well as severe pain and suffering.

20.     As a direct and proximate result of the acts and/or omissions of JETBLUE and its agents, servants and/or employees, plaintiff MARIA MISTRETTA sustained significant permanent and disabling injuries, including, but not limited to, fractured ankle, aggravation of previous back injury, deep vein thrombosis, permanent scars, severe pain and suffering, mental anguish, disfigurement, discomfort, inconvenience, emotional trauma, loss of income, and was further caused to expend money for medical treatment.

### AS AND FOR PLAINTIFF MARIA MISTRETTA'S FIRST CAUSE OF ACTION SOUNDING IN NEGLIGENCE AND/OR AS A PARTY TO JETBLUE'S CONTRACT OF CARRIAGE

21.     The plaintiffs repeat and reallege each and every allegation of the Complaint contained in Paragraphs Numbered 1 through 20, inclusive with the same force and effect as if hereinafter set forth at length.

5

22.     At all times herein, defendant JETBLUE, owned, operated, managed, controlled, and maintained the aircraft flown as Flight 121 from JFK to the Bahamas on July 23, 2022.

23.     On or about July 23, 2022, the plaintiffs were fare paying passengers on board JETBLUE Flight 121 from JFK to the Bahamas.

24.     On or about July 23, 2022, defendant JETBLUE operated Flight 121 as a common carrier engaged in the business of transporting fare-paying passengers. As a common carrier, defendant JETBLUE and its agents, servants and employees owed a duty of care, including but not limited to the duty to exercise the highest degree of care to avoid injuring its passengers, including plaintiff MARIA MISTRETTA.

25.     On or about July 23, 2022, defendant JETBLUE its agents, servants, and employees failed to properly inspect and maintain the aisles and walkways onboard Flight 121 from JFK to the Bahamas and due to this negligence, plaintiff MARIA MISTRETTA was caused to trip on an object while attempting to exit the second row of the plane and subsequently fell, sustaining serious bodily injuries.

26.     On or about July 23, 2022, plaintiff MARIA MISTRETTA attempted to exit her seat and immediately became entangled with a low hanging seatbelt or other object, causing plaintiff to fall and break her ankle. Plaintiffs were then denied a first aid kit and ice on board Flight 121 and were provided a broken wheelchair for disembarkation. Plaintiffs were then repeatedly denied by defendant JETBLUE even the most basic first aid, both within the air terminal in the Bahamas and continuing through their flight back to JFK.

27.     Pursuant to Article 23 of its Contract of Carriage, defendant JETBLUE agrees it shall be liable under Article 17 of the Montreal Convention or Warsaw Convention, whichever may apply, for compensatory damages sustained in the case of bodily injury of a Passenger, with

6

the exception that defendant JETBLUE agrees it shall not be able to exclude or limit its liability for damages not exceeding 128,821 Special Drawing Rights per passenger; and shall not be liable for damages exceeding that amount unless the defendant proves that: (i) such damage was not due to the negligence or other wrongful act or omission of the defendant or its servants or agents; or (ii) such damage was due to the negligence or other wrongful act or omission of a third party.

28.     The accident which occurred during international Flight 121 from JFK to the Bahamas, tripping on an object and further becoming tangled, then being denied proper care and attention and/or an operational wheelchair for disembarkation is an unusual and unexpected event or happening that was external to the plaintiff which directly resulted in bodily harm within the meaning and intent of Article 17 of both the Montreal and Warsaw Conventions.

29.     The accident and resulting injuries were caused solely by the negligence and culpable conduct on the part of the defendant JETBLUE without any fault on the part of the plaintiff or other third party.

30.     Defendant JETBLUE was negligent in the following, including but not limited to: breaching its duty to exercise the highest degree of care to avoid injuring its passengers, including plaintiff MARIA MISTRETTA; in failing to maintain the aircraft in a safe condition; in negligently and carelessly allowing a dangerous and defective condition to exist; in failing to provide a safe manner of travel; in failing to take steps necessary to ensure all aisles and/or walkways were free from obstructions; in failing to maintain the premises in a proper and safe condition; and in failing to provide adequate medical attention, first aid and a working wheelchair during transport to and from its aircraft.

7

31. Defendant JETBLUE, its agents, servants, and employees, knew or should have known their negligent acts and/or omissions created a foreseeable risk of grave, permanent, and debilitating injuries for passengers, including plaintiff MARIA MISTRETTA.

32. As a direct and proximate result of the acts and/or omissions of JETBLUE and its agents, servants, and/or employees, plaintiff MARIA MISTRETTA sustained significant permanent and disabling injuries, including, but not limited to, fractured ankle, aggravation of previous back injury, deep vein thrombosis, permanent scars, severe pain and suffering, mental anguish, disfigurement, discomfort, inconvenience, emotional trauma, loss of income, and was further caused to expend money for medical treatment.

## AS AND FOR PLAINTIFF MARIA MISTRETTA'S SECOND CAUSE OF ACTION AS THIRD-PARTY BENEFICIARY TO THE MONTREAL CONVENTION AND/OR THE WARSAW CONVENTION, AS MODIFIED BY THE JETBLUE CONTRACT OF CARRIAGE, CREATING STRICT CARRIER LIABILITY FOR DAMAGES NOT EXCEEDING 128,821 SPECIAL DRAWING RIGHTS

33. The plaintiffs repeat and reallege each and every allegation of the Complaint contained in Paragraphs Numbered 1 through 32, inclusive with the same force and effect as if hereinafter set forth at length.

34. The foregoing was an unusual event that constitutes an "accident" within the meaning and intent of Article 17 of both the Montreal and Warsaw Conventions.

35. Under Article 17 of the Montreal Convention, the Carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

36. Under Article 21(1) of the Montreal Convention, the Carrier agrees to waive the monetary limits of the Warsaw Convention and to be strictly liable up to a limit of 128,821 Special

8

Drawing Rights (SDRs), or approximately $170,000 in U.S. currency, with respect to passenger injury sustained on an aircraft as a result of an accident within the meaning of Article 17(1) of the Montreal Convention.

37.     Under Article 17 of the Warsaw Convention, the Carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

38.     Under Article 20(1) of the Warsaw Convention, the Carrier is not liable if it proves that the Carrier and its agents have taken all necessary measures to avoid the damage or that it was impossible for him or them to take such measures.

39.     Under Article 25 of the Warsaw Convention, the Carrier shall not be entitled to avail itself of the provisions which exclude or limit its liability, if the damage is caused by the Carrier's willful misconduct or by such default as is considered to be equivalent to willful misconduct.

40.     Pursuant to Article 23 of its Contract of Carriage, defendant JETBLUE agrees it shall be liable under Article 17 of the Montreal Convention or Warsaw Convention, whichever may apply, for compensatory damages sustained in the case of bodily injury of a Passenger, with the exception that the defendant JETBLUE agrees it shall not be able to exclude or limit its liability for damages not exceeding 128,821 Special Drawing Rights per passenger; and shall not be liable for damages exceeding that amount unless the defendant proves that: (i) such damage was not due to the negligence or other wrongful act or omission of the defendant or its servants or agents; or (ii) such damage was due to the negligence or other wrongful act or omission of a third party.

9

41.    Defendant JETBLUE cannot exclude or limit its liability under Article 25 of the Warsaw Convention and/or Article 23 of its contract of carriage because the plaintiff can prove that her injuries were caused by the willful misconduct of defendant JETBLUE, its agents, servant, and employees within the scope of their employment.

42.    Defendant JETBLUE, its agents, servants, and employees' failure to properly inspect the aircraft and failure to maintain the aircraft in a proper and safe condition, by disregarding passenger safety; defendant's continued failure in providing adequate medical attention and a safe and working wheelchair constituted willful misconduct that resulted in plaintiff's serious injuries.

43.    Defendant JETBLUE cannot exclude or limit its liability under Article 21(2) of the Montreal Convention and/or Article 23 of its contract of carriage because the Carrier cannot prove that (i) such damage was not due to the negligence or other wrongful act or omission of the defendant or its servants or agents; or (ii) such damage was due to the negligence or other wrongful act or omission of a third party.

44.    As a direct and proximate result of the acts and/or omissions of JETBLUE and its agents, servants, and/or employees, plaintiff MARIA MISTRETTA sustained significant permanent and disabling injuries, including, but not limited to, fractured ankle, aggravation of previous back injury, deep vein thrombosis, permanent scars, severe pain and suffering, mental anguish, disfigurement, discomfort, inconvenience, emotional trauma, loss of income, and was further caused to expend money for medical treatment in an amount exceeding 128,821 Special Drawing Rights.

10

45.     The damages alleged by plaintiff MARIA MISTRETTA exceed the sum of $170,000 and were caused by an accident that resulted in bodily and mental injury to plaintiff during the course of her international transportation with defendant JETBLUE on July 23, 2022.

46.     By reason of the foregoing, the defendant JETBLUE is strictly liable to plaintiff in an amount not less than the equivalent of 128,821 SDRs, or approximately ONE HUNDRED SEVENTY THOUSAND ($170,000.00) DOLLARS.

**AS AND FOR PLAINTIFF MARIA MISTRETTA'S THIRD CAUSE OF ACTION AS THIRD-PARTY BENEFICIARY TO THE MONTREAL CONVENTION AND/OR THE WARSAW CONVENTION, AS MODIFIED BY THE JETBLUE CONTRACT OF CARRIAGE CREATING CARRIER LIABILITY FOR DAMAGES EXCEEDING 128,821 SPECIAL DRAWING RIGHTS**

47.     The plaintiffs repeat and reallege each and every allegation of the Complaint contained in Paragraphs Numbered 1 through 46, inclusive with the same force and effect as if hereinafter set forth at length.

48.     Under Article 21(2) of the Montreal Convention, the defendant JETBLUE is liable for damages in excess of 128,821 Special Drawing Rights (SDRs), or approximately $170,000 in U.S. currency, with respect to passenger injury sustained on an aircraft as a result of an accident within the meaning of Article 17(1) of the Montreal Convention, unless it can prove that the injury was not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or that such damage was solely due to the negligence or other wrongful act or omission of a third party.

49.     Pursuant to Article 23 of its Contract of Carriage, defendant JETBLUE agrees it shall be liable under Article 17 of the Montreal Convention or Warsaw Convention, whichever may apply, for compensatory damages sustained in the case of bodily injury of a Passenger, with the exception that the defendant JETBLUE agrees it shall not be able to exclude or limit its liability for damages not exceeding 128,821 Special Drawing Rights per passenger; and shall not be liable

11

for damages exceeding that amount unless the defendant proves that: (i) such damage was not due to the negligence or other wrongful act or omission of the defendant or its servants or agents; or (ii) such damage was due to the negligence or other wrongful act or omission of a third party.

50.     Defendant JETBLUE is liable under Article 17 of the Montreal Convention and pursuant to the contract of carriage, the carrier is strictly liable for damage sustained in case of death or wounding of a passenger upon condition only that the accident took place on board the aircraft, or in the act of embarkation or disembarkation, in the course of international travel between party states.

51.     Defendant JETBLUE agreed to waive the monetary limits of the Montreal Convention and its contract of carriage, with respect to passenger injury sustained on an aircraft as a result of an accident within the meaning of Article 17 of the Montreal Convention and/or Warsaw Convention, unless it can prove that the injury was not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or that such damage was solely due to the negligence or other wrongful act or omission of a third party.

52.     Defendant JETBLUE cannot exclude or limit its liability under Article 21(2) of the Montreal Convention and/or Article 23 of its contract of carriage because the Carrier cannot prove that (i) such damage was not due to the negligence or other wrongful act or omission of the defendant or its servants or agents; or (ii) such damage was due to the negligence or other wrongful act or omission of a third party.

53.     The bodily and mental injury and the resulting damages sustained by plaintiff MARIA MISTRETTA, during the course of her transportation aboard the aircraft of defendant JETBLUE on July 23, 2022, as hereinbefore alleged, were caused by the negligent or other

12

wrongful acts and omissions of defendant JETBLUE, through no fault of her own, and were not due solely to the negligence or other wrongful act or omission of a third party.

54.     As a direct and proximate result of the acts and/or omissions of JETBLUE and its agents, servants and/or employees, plaintiff MARIA MISTRETTA sustained significant permanent and disabling injuries, including, but not limited to, fractured ankle, aggravation of previous back injury, deep vein thrombosis, permanent scars, severe pain and suffering, mental anguish, disfigurement, discomfort, inconvenience, emotional trauma, loss of income, and was further caused to expend money for medical treatment.

55.     Based on the foregoing, plaintiff MARIA MISTRETTA has accumulated damages in a sum that exceeds the equivalent of 128,821 SDRs, or approximately ONE HUNDRED SEVENTY THOUSAND ($170,000.00) DOLLARS.

**AS AND FOR SALVATORE MISTRETTA'S FIRST CAUSE OF ACTION AS THIRD-PARTY BENEFICIARY TO THE MONTREAL CONVENTION AND/OR THE WARSAW CONVENTION, AS MODIFIED BY THE JETBLUE CONTRACT OF CARRIAGE FOR LOSS OF CONSORTIUM**

56.     Plaintiffs repeat and re-allege each and every allegation of the Complaint contained in Paragraphs Numbered 1 through 55, inclusive with the same force and effect as if hereinafter set forth at length.

57.     Plaintiff SALVATORE MISTRETTA was and still is the husband of plaintiff MARIA MISTRETTA.

58.     Prior to July 23, 2022, plaintiff MARIA MISTRETTA was in good health and fully capable of performing and did perform the usual duties and services as wife to plaintiff SALVATORE MISTRETTA.

59.     By reason of the aforesaid injuries sustained by plaintiff MARIA MISTRETTA as a result of an accident within the meaning and intent of Article 17 of the Montreal Convention and/or

Warsaw Convention, plaintiff SALVATORE MISTRETTA has been deprived of the services, consortium, society, and companionship of his wife, MARIA MISTRETTA.

60. Under Article 21(1) of the Montreal Convention, the Carrier agrees to waive the monetary limits of the Warsaw Convention and to be strictly liable up to a limit of 128,821 Special Drawing Rights (SDRs), or approximately $170,000 in U.S. currency, with respect to passenger injury sustained on an aircraft as a result of an accident within the meaning of Article 17(1) of the Montreal Convention.

61. By reason of the foregoing, the defendant JETBLUE is strictly liable to plaintiff in an amount not less than the equivalent of 128,821 SDRs, or approximately ONE HUNDRED SEVENTY THOUSAND ($170,000.00) DOLLARS.

62. Based on the foregoing, defendant JETBLUE cannot exclude or limit its liability under Article 21(2) of the Montreal Convention and/or Article 23 of its contract of carriage because the Carrier cannot prove that (i) such damage was not due to the negligence or other wrongful act or omission of the defendant or its servants or agents; or (ii) such damage was due to the negligence or other wrongful act or omission of a third party.

63. By reason of the aforesaid injuries sustained by plaintiff MARIA MISTRETTA, plaintiff SALVATORE MISTRETTA has sustained damages in a sum that exceeds the equivalent of 128,821 SDRs, or approximately ONE HUNDRED SEVENTY THOUSAND ($170,000.00) DOLLARS.

### AS AND FOR SALVATORE MISTRETTA'S SECOND CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

64. Plaintiffs repeat and re-allege each and every allegation of the Complaint contained in Paragraphs Numbered 1 through 63, inclusive with the same force and effect as if hereinafter set forth at length.

14

65.    On or about July 23, 2022, defendant JETBLUE owned, operated, managed, controlled, and maintained the aircraft flown during the aforementioned Flight 121 from JFK to the Bahamas, where a low hanging seatbelt or other object obstructed the aisle in or around the second row of the aircraft where plaintiffs were seated.

66.    Defendant JETBLUE its agents, servants, and employees negligently exposed plaintiffs to an unreasonable risk of bodily injury by failing to inspect the premises and failing to maintain proper and safe conditions for its passengers.

67.    At the time of the accident described above, plaintiff SALVATORE MISTRETTA was seated, adjacent to his wife, in seat 2E, and was in close proximity to the object which caused his wife to trip, fall, and sustain severe bodily injuries.

68.    Should plaintiff SALVATORE MISTRETTA have gotten up to exit the row in which he was seated next to his wife, it is reasonably foreseeable that plaintiff SALVATORE MISTRETTA would likely have been caused to fall due to the same negligent actions and omissions of defendant JETBLUE and would likely have sustained serious injuries and was, therefore, a bystander in the zone of danger and injury and/or harm was a foreseeable risk.

69.    At the time of the incident described above, plaintiff SALVATORE MISTRETTA was indeed sitting directly next to his wife, witnessed her leg become tangled in the seatbelt or other hanging object, witnessed her fall and observed her break her ankle, heard her ankle crack, witnessed her in agony, heard her screams and had to untangle her foot and got her up from the floor of the plane.

70.    Further, plaintiff SALVATORE MISTRETTA was refused support and aid for his severely injured wife and continued to witness her pain, discomfort, and agony during transport from their arrival gate to their departure gate due to the broken wheelchair they had been provided

15

by defendant, and throughout their return flight to JFK as defendant JETBLUE, by and through its

servants, agents and/or employees, continued to refuse appropriate aid.

71.     Plaintiff SALVATORE MISTRETTA, as the husband and immediate family

member of his wife, MARIA MISTRETTA, was caused to suffer emotional harm and distress in

consequence of the observation of the serious injury and lack of support and aid to his wife.

72.     Defendant JETBLUE's failure to maintain proper and safe conditions aboard

Flight 121 was the substantial and only factor bringing about the injury to plaintiffs.

73.     Due to defendant JETBLUE's conduct, and/or the conduct of its servants, agents

and/or employees, plaintiff SALVATORE MISTRETTA was caused to suffer emotional distress

witnessing his wife's accident, subsequent injuries, and pain and suffering and furthermore, defendant

JETBLUE's conduct was the substantial and/or only factor which caused plaintiff SALVATORE

MISTRETTA'S severe emotional distress.

74.     Based on the foregoing, plaintiff SALVATORE MISTRETTA has sustained

damages in a sum that exceeds the jurisdictional limits of all lower courts.

75. These actions fall within one or more of the exceptions of CPLR § 1602.

76. Plaintiffs demand a trial by jury.

**WHEREFORE,** Plaintiffs MARIA MISTRETTA and SALVATORE MISTRETTA

demand judgment against the defendant in an amount which exceeds the jurisdictional limitations

of all lower Courts.

Dated: July 1, 2024                    Yours, etc.,

                                       By: _Kaitlyn L. Vidasolo_
                                           Kaitlyn L. Vidasolo, Esq.

                                           SPEISER KRAUSE PC
                                           800 Westchester Avenue, Suite S-608

                                       16

Rye Brook, New York 10573
Phone: (914) 220-5333
Facsimile: (914) 220-5334
klv@speiserkrause.com

*Attorney for Plaintiffs*

INDEX NO. 713746/2024
RECEIVED NYSCEF: 07/01/2024

## VERIFICATION

I, the undersigned, am an attorney to practice law in the courts of the State of New York and say that I am the attorney of record, or of counsel with the attorneys of record, for the Plaintiffs, MARIA MISTRETTA and SALVATORE MISTRETTA. I have read the annexed Complaint and know the contents thereof and the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon conversations with the client and facts contained in the file.

The reason I make this affirmation instead of the Plaintiffs is that my office is located in a County outside of Plaintiffs' residence.

I affirm that the foregoing statements are true under the penalties of perjury.

Dated: Rye Brook, New York
July 1, 2024

KAITLYN L. VIDASOLO

18

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF** QUEENS

-----------------------------------------------------------------x

MARIA MISTRETTA and SALVATORE
MISTRETTA,

                    Plaintiff/Petitioner,

       - against -                   Index No.  713746/2024

JETBLUE AIRWAYS CORPORATION,

                    Defendant/Respondent.

-----------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys:</u> see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: <u>www.nycourts.gov/efile-unrepresented</u> or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at <u>www.nycourts.gov</u>

                                     EFM-1

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

      1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

      2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated:   July 2, 2024

Kaitlyn L. Vidasolo, Esq.
Name

Speiser Krause, PC
Firm Name

800 Westchester Avenue, Ste. S-608

Rye Brook, NY 10573
Address

(914) 220-5333
Phone

klv@speiserkrause.com
E-Mail

To:   JetBlue Airways Corporation

27-01 Queens Plaza North

Long Island City, NY 11101

2/24/20